Ood in **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

November 7, 2025

**<u>LETTER MEMORANDUM ORDER</u>**

Re:  ***Risis v. Risis, et al.*,**
    **<u>Civil Action No. 23-3429 (ES) (JRA)</u>**

Dear Parties,

Before the Court is (i) plaintiff Daniel Risis's ("Plaintiff") motion for recusal of the Undersigned (D.E. No. 91), and (ii) defendants Pawn Broker Financing ("PBF") and Christopher Smith's (together with PBF, the "Moving Defendants") motion to dismiss Plaintiff's amended complaint (D.E. No. 55 ("Amended Complaint" or "Am. Compl.")). (D.E. No. 61 ("Mot." or "Motion")). As discussed below, Plaintiff's motion for recusal is **DENIED** and the Moving Defendants' Motion is **GRANTED**.

**I.    BACKGROUND**

On June 20, 2023, Plaintiff filed this case against more than a dozen defendants.[1] Following this Court's August 2, 2024 order dismissing Plaintiff's complaint *without prejudice* as to the Moving Defendants for failure to state a claim (D.E. No. 48 at 8), Plaintiff filed the Amended Complaint (Am. Compl.). Plaintiff brings the Amended complaint against five named defendants, including (i) Daniel Markus, Inc. (d/b/a Perfect Pawn), (ii) PBF, (iii) Margarita Risis, (iv) Mark Risis, (v) Christopher Smith, and (vi) John Does 1–10 (collectively, "Defendants"). (*See generally* Am. Compl.). The Amended Complaint asserts four counts, including (i) alleged "violation of civil rights" (in violation of 42 U.S.C § 1983) against all Defendants (Count I); (ii) alleged "racketeering" or violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (pursuant to 18 U.S.C § 1962) against all Defendants (Count II); (iii) alleged "fraud" against all Defendants (Count III); and (iv) alleged "forgery and theft" (in violation of 18 U.S.C. § 471) against Margarita Risis (Count IV). (Am. Compl. at 5–6). As set forth in the Amended Complaint, this action stems from an alleged "forgery committed by Margarita Risis," when she signed Plaintiff's signature on loan documents and "orchestrat[ed] an elaborate scheme to shift liability for the debts of Daniel Markus, Inc. . . . onto Plaintiff." (*Id.* at 1–2). Plaintiff believes that the "courts and the legal system have compounded this harm by ignoring [his] constitutional rights,"

---

[1]    The original defendants included PBF, Christopher Smith, Margarita Risis, Mark Risis, Daniel Markus, Inc. (d/b/a Perfect Pawn), David Bogomolny, Oleg Neizvestny, Harris Palmer, Ali Soto, Don Skelton, Bryan Lustig, Jonathan Carnaval, Brett Galloway, Jesse Leibowitz, Metalex, and John Does 1-10. (*See generally* D.E. No. 1).

refusing to vacate a judgment against Plaintiff for $1,000,000, and "failing to hold Margarita Risis accountable for her criminal actions." (*Id.* at 2).

On September 5, 2024, the Moving Defendants filed a motion to dismiss Counts I, II, and III of the Amended Complaint. (Mot.; D.E. No. 61-1 ("Mov. Br.")). On April 28, 2025, Plaintiff opposed. (D.E. No. 96).[2] Plaintiff also filed a plethora of motions. (D.E. Nos. 56, 59, & 75). On November 12, 2024, the Honorable Judge José R. Almonte, U.S.M.J, terminated Plaintiff's motions pending resolution of instant Motion. (D.E. No. 79).[3] On January 2, 2025, Plaintiff filed a notice of bankruptcy and requested a stay of the instant matter. (D.E. No. 80). Because PBF, Mark Risis, and Margarita Risis did not oppose the entrance of a stay, Judge Almonte granted Plaintiff's request. (D.E. No. 86). Thereafter, following a status update from the Moving Defendants, this Court lifted the stay and Plaintiff filed a motion for the Undersigned's recusal. (D.E. Nos. 88 & 91). Plaintiff then filed an emergency order to show cause, which this Court denied. (D.E. Nos. 92 & 97). On August 15, 2025, the Bankruptcy Court dismissed Plaintiff's case and prohibited him from filing another bankruptcy matter for two years. (D.E. No. 99 at 5).

## II.    RECUSAL

Plaintiff seeks recusal of the Undersigned pursuant to 28 U.S.C. §§ 144 and 455 in addition to "the Due Process Clause of the Fifth and Fourteenth Amendments, and Canons 2 and 3 of the Code of Conduct for U.S. Judges." (D.E. No. 91 at 1). Plaintiff claims that the Undersigned "has exhibited personal bias, political influence, and a pattern of prejudicial rulings that render her continued involvement a violation of federal statute, constitutional due process, and the ethical standards governing the judiciary." (*Id.*).

Pursuant to Section 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall

---

[2]    Although defendants Daniel Markus, Inc., Margarita Risis, Mark Risis ("Non-moving Defendants") have appeared with counsel, they have not responded to the Amended Complaint. Rather, the Non-moving Defendants filed an answer to the original complaint, (*see* D.E. No. 19), which has since been superseded by the Amended Complaint.

[3]    Specifically, Judge Almonte terminated Docket Entry Numbers 56, 59, and 75—each requesting various forms of relief—pending resolution of the Moving Defendants' motion to dismiss. (D.E. No. 79).

be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  "The mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify [her]self from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976).  "Indeed, if the affidavit submitted is legally insufficient to compel [her] disqualification," it is the judge's duty to preside. *Id.*  Accordingly, "a trial judge need only recuse [her]self if [she] determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable [person] that [she] harbored a personal, as opposed to a judicial, bias against the movant." *Id.*

Akin to Section 144, recusal under Section 455(a) is appropriate when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (quoting *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007)). Section 455(b)(1) provides for recusal where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  As to the substantive aspect of Sections 144 and 455, "[i]f a party claims that a judge should recuse because of personal bias, prejudice or lack of impartiality toward that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus." *Thompson v. Eva's Village & Sheltering Program*, No. 04-2548, 2005 WL 2474930, at *2 (D.N.J. Oct. 5, 2005); *see also United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) (finding that Section 455(a) "requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact").  Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980).  Without extrajudicial bias, "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible . . . .'" *Thompson*, 2005 WL 2474930, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

After careful review of Plaintiff's motion, the Court finds that Plaintiff fails to meet the standards established by 28 U.S.C. §§ 144 and 455.  Specifically, Plaintiff fails to demonstrate that the Undersigned lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible.

To the extent Plaintiff claims that the Undersigned made erroneous rulings in this case (D.E. No. 91 at 2–3), "incorrect rulings do not prove that a judge is biased or prejudiced," although errors may require additional or new proceedings. *United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978); *see also Jacobsen v. Citi Mortg. Inc, (NJ)*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal."); *Arrowpoint*, 793 F.3d at 330 ("[A]dverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias."); *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978) ("The Smiths also object that some rulings were wrong. Such errors, even compounded, do not satisfy the requirements of [§] 144.").  The Supreme Court has noted that while "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" they are "[a]lmost invariably[] . . . proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.  Relevant

here, Plaintiff does not explain the ruling(s) that form the basis of his motion for recusal, including rulings that involve alleged constitutional violations of due process.[4]  This failure aside, the docket does not reflect rulings that are (i) unsupported by the law or fact, (ii) made with bias or prejudice, or (iii) in violation of Plaintiff's constitutional rights to due process.  Moreover, to the extent Plaintiff claims that the Undersigned has any other bias or conflict of interest, he fails to set forth sufficient facts in support of his broad assertions, including but not limited to facts that would connect this matter to any third party not named in this lawsuit.  In light of the foregoing, Plaintiff has not established that the Undersigned lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible.

Finally, Plaintiff does not cite to any specific provisions under Canons 2 and 3 of the Code of Conduct for U.S. Judges in support of his request for the Undersigned's recusal.  In general, Canon 2 states that "a judge should avoid impropriety and the appearance of impropriety in all activities" and Canon 3 states that "a judge should perform the duties of the office fairly, impartially, and diligently."  For the same reasons set forth above, even considering these canons in their entirety, there is no valid basis for the Undersigned's recusal.

## III.    MOTION TO DISMISS

To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded.  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).  Further, a complaint may be considered frivolous where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."  *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

A complaint must also comply with Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each allegation in the complaint "must be simple, concise, and direct."  *Id.* 8(d)(1).  Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity to "give the defendant fair notice of what the . . . claim

---

[4]    Plaintiff claims that the Undersigned's recusal is warranted in light of alleged failures "to adhere to constitutional guarantees of notice, fair process, and unbiased adjudication."  (D.E. No. 91 at 3).  These broad and unexplained assertions do not warrant recusal.  Furthermore, although Plaintiff claims that his ignored requests for a criminal investigation provide a basis for recusal (*see* D.E. No. 91 at 3), the instant civil matter cannot serve as a means for criminal prosecution.  Indeed, the Third Circuit has stated that "there is no constitutional right to the investigation or prosecution of another."  *See Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011); *see also Donahue v. Ristowski*, No. 13-1327, 2013 WL 3944212, at *10 (M.D. Pa. July 30, 2013).

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47 v. Bradley et.al.*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, vague group pleadings "undermine[ ] the notice pleading regime of Rule 8." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

Moreover, "shotgun pleadings" have been regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8. *See, e.g.*, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading can arise in any of the following circumstances: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (iii) a complaint that does not separate "into a different count each cause of action or claim for relief," or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (citing the factors in *Weiland*, 792 F.2d at 1321–23). "Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies" to determine which facts relate to which causes of action. *Nash*, 2022 WL 4111169, at *2 (citing *Weiland*, 792 F.3d at 1323).

As an initial matter, because Counts I, II, and III are brought against all Defendants without differentiating alleged conduct as to any individual defendant, these causes of action are dismissed for improper group pleading.[5] Indeed, the use of such vague group pleading "undermines the notice pleading regime of Rule 8," since it improperly seeks to make all defendants liable for all conduct alleged in the complaint. *Japhet*, 2014 WL 3809173, at *2; *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent [p]laintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.").

*Second*, the Court agrees with the Moving Defendants in that there are no allegations to support the assertion that they—or the Non-moving Defendants—acted under color of law in a manner that states a claim for violation of Plaintiff's civil rights under 42 U.S.C. § 1983. (Mov. Br. at 4); *see Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). For this separate reason, Count I is dismissed for failure to state a claim.

*Third*, as argued by the Moving Defendants, Plaintiff has not alleged any facts to establish a RICO claim, such as the existence of an enterprise or a pattern of racketeering activity. (Mov. Br. at 4–6); *see also Ojo v. Charles*, No. 23-22808, 2025 WL 2697003, at *3–5 (D.N.J. Sept. 22,

---

[5]    *See Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 n.3 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citing *Bintliff–Ritchie v. American Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6).")))

2025) (setting forth the applicable standard and concluding that plaintiffs failed to state a RICO claim). Thus, Count II is dismissed for failure to state a claim.

*Fourth*, notwithstanding whether claim preclusion bars Count III (*see* Mov. Br. at 5–6), the Court agrees that the alleged fraud is not pled with sufficient particularity under Federal Rule of Civil Procedure 9(b). (*Id.* at 6–7). For example, although the Amended Complaint is replete with references of "fraud"—particularly an alleged fraud perpetrated by Margarita Risis wherein she purportedly forged Plaintiff's signature on certain loan documents—the pleading does not explain how Christopher Smith allegedly "assisted in the fraudulent activities." (Am. Compl. ¶ 4). Similarly, Plaintiff does not provide any details regarding the other defendants' alleged participation in the fraud, including the "who, what, where, when, and how of the alleged fraud." *See Rickerson v. Pinnacle Foods Inc.*, No. 17-4469, 2018 WL 1704788, at *3 (D.N.J. Apr. 9, 2018). Accordingly, Count III is dismissed for failure to state a claim.[6]

*Fifth*, to the extent Plaintiff brings Count IV against Margarita Risis for alleged forgery and theft in violation of "18 U.S.C. § 471" (Am. Compl. ¶ 20), there is no private right of action under this statute. Relevant here, 18 U.S.C. § 471 is entitled "obligations or securities of United States" and provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both." Plaintiff, a private citizen, does not have standing to bring a claim under this—or any other—criminal statute. *See, e.g.*, *Jones v. USA Dist. Ct. of E. Pennsylvania*, No. 25-1414, 2025 WL 2126622, at *1 (3d Cir. July 29, 2025) ("Jones' complaint lacks an arguable basis in law or fact, as he does not have standing to impose criminal liability and he is not entitled to monetary damages under either statute." (collecting cases)).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to recuse the Undersigned is **DENIED**. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003) (noting that "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify [her]self" (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988))). The Moving Defendants' motion to dismiss Counts I, II, and III (D.E. No. 61) is **GRANTED** for failure to state a claim. For the same reasons, Counts I, II, and III are dismissed as to the Non-moving Defendants. In addition, Counts I, II, and III are dismissed as to all Defendants for improper group pleading. Alternatively, the Court declines to exercise supplemental jurisdiction over Count III. Lastly, Count IV is dismissed for lack of standing and, alternatively, to the extent Count IV raises a separate state law claim, the Court declines to exercise supplemental jurisdiction.

---

[6]        Alternatively, having dismissed all federal claims in Plaintiff's Amended Complaint (Counts I & II), the Court declines to exercise supplemental jurisdiction over his remaining state law claims (Count III and, to the extent applicable, Count IV). Moreover, as noted by the Moving Defendants (Mov. Br. at 7), it appears that this Court lacks original jurisdiction over Count III because "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity "means that the plaintiff cannot be a citizen of the same state as any of the defendants." *See Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018). Here, Plaintiff maintains that he is a citizen of New Jersey (Am. Compl. ¶ 3), and omitted allegations as to Defendants' domiciles (*see generally id.*). However, the original complaint alleged that Mark Risis resides in New Jersey. (D.E. No. 1 ¶ 8).

Plaintiff shall have one final opportunity to cure the shortcomings noted herein. Within thirty (30) days of the date of this letter memorandum—on or before December 5, 2025—Plaintiff may file a second amended complaint that addresses the pleading deficiencies set forth in this decision; failure to do so will result in automatic dismissal of the Amended Complaint *with prejudice*. An appropriate Order accompanies this Letter Memorandum.

<u>*s/ Esther Salas*</u>
**Esther Salas, U.S.D.J.**